UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH MCQUEEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARY ARMS, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Kenneth McQueen ("Plaintiff"), on behalf of himself and all other similarly situated (the "Class Members") brings this case against Defendant Primary Arms, LLC ("Defendant"), which operates, controls and manages the website www.primaryarms.com. Plaintiff brings this action based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

### NATURE OF THE ACTION

1. This is a class action lawsuit brought on behalf of all Pennsylvania residents who have purchased firearms from www.primaryarms.com.

2. Defendant aids, employs, agrees, and conspires with third parties, including but not necessarily limited to Listrak Inc. ("Listrak"), to intercept communications sent and received by Plaintiff and Class Members, including communications containing protected information about firearms purchases. Plaintiff brings this action for legal and equitable remedies resulting from these illegal actions.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, inter alia, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

4. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE PARTIES**

6. Plaintiff Kenneth McQueen is an adult citizen of the Commonwealth and is domiciled in Huntingdon Valley, Pennsylvania. On or about May, 2023, Plaintiff purchased a Seekins Precision SP10 6.5 Creedmoor Semi-Automatic AR-10 Rifle from www.primaryarms.com. When accessing the website and completing the purchase, Plaintiff was located in Pennsylvania.

7. Defendant Primary Arms, LLC is a limited liability company headquartered in Houston, Texas. Defendant owns and operates www.primaryarms.com. Through this website, Defendant sells firearms and firearm accessories.

8. Pursuant to the systematic process described herein, Defendant, through

www.primaryarms.com, assisted Listrak with intercepting Plaintiff's communications, including those that contained personally identifiable information and protected information about his firearms purchases. Defendant assisted these interceptions without Plaintiff's knowledge, consent or express written authorization. By failing to receive the requisite consent, Defendant breached confidentiality and unlawfully disclosed Plaintiff's personally identifiable information and protected information about his firearms purchases.

## FACTUAL ALLEGATIONS

### 1. Defendant's Website and Listrak

9. Defendant owns and operates the website, www.primaryarms.com, through which it sells guns, gun parts, and ammunition nationwide.

10. Defendant's website hosts code for Listrak, which allows Listrak to intercept consumers', including Plaintiff's, electronic communications.

11. Listrak is a customer engagement platform that allows companies, like Defendant, to build customer profiles.[1]

12. Listrak's tools include "cross-device identification," which allows it to use "deterministic and probabilistic cross-device tracking to connect disparate identifiers into a unique identity." *Id.*

13. Every time a consumer visits Defendant's website Listrak creates a unique session ID for which it can collect information and match it to existing consumer profiles.

14. When a consumer adds an item to their online cart for checkout, Listrak intercepts specific information to identify the item being purchased:

---

[1] https://www.listrak.com/platform/unified-customer-data.

Figure 1:

```
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
_sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_tid: v8fgZKqFiUKn
_uid: 6A3E45EF-CA00-4EC6-9238-22DF5912C9F8
ck: /cart?ts=1707412657870&ck=&vid=&cktime=&cart=
s_0: 13513
q_0: 1
p_0: 989.99
n_0: Smith & Wesson Volunteer XV OR 5.56 AR-15 Rifle - Black - Crimson Trace RDS - 16"
iu_0: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/13513_00.jpg
lu_0: /smith-wesson-volunteer-xv-or-rifle-223-5-56-16-black-crimson-trace-rds
```

15. When a consumer views the items in their cart to initiate the checkout process, Listrak intercepts that information as well:

Figure 2:

```
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
_sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_tid: v8fgZKqFiUKn
_uid: 6CDCB822-088B-42AC-9E41-895A2DF4B3F5
ck: /cart?ts=1707412773093&ck=&vid=&cktime=&cart=
s_0: RM400-16B-TRD-PRED2
q_0: 1
p_0: 999.99
n_0: SIG Sauer M400 Tread Predator 5.56 AR-15 Rifle - Jungle Green - 16"
iu_0: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/RM400-16B-TRD-PRED2_00.jpg
lu_0: /sig-sauer-m400-tread-predator-2-16in-5-56-nato-rifle-jungle-green
s_1: 13513
q_1: 1
p_1: 989.99
n_1: Smith & Wesson Volunteer XV OR 5.56 AR-15 Rifle - Black - Crimson Trace RDS - 16"
iu_1: /SSP Applications/NetSuite Inc. - SCA Mont Blanc/Development/img/13513_00.jpg
lu_1: /smith-wesson-volunteer-xv-or-rifle-223-5-56-16-black-crimson-trace-rds
```

4

16. Listrak then intercepts when a consumer initiates the checkout process and collects the consumers personally identifiable information, including their email address:

Figures 3-4:

```
vuid: 40d868a1-3b2f-4501-af05-4211520a02fe
uid: EFD7F365-DA4C-4888-9CC6-4A8FD031B5E3
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_t_0: at
t_0: PageBrowse
k_0: https://www.primaryarms.com/sca-dev-2019-2/checkout.ssp?is=checkout#opc
```

```
vuid: 40d868a1-3b2f-4501-af05-4211520a02fe
uid: 532FA0D5-C3C7-4730-9159-CF2B7CF91A45
gsid: 6955e63b-7912-4b20-a205-fe93082696f0
sid: d8b7af71-a862-4c10-9397-43c3e7e7830e
_t_0: at
t_0: Identification
k_0: 1:thommy5431@yahoo.com
```

17. Listrak then matches this information to its existing database to identify consumers who visit Defendant's website.

18. Listrak collects and stores this information for advertising purposes.

19. Defendant knowingly discloses this information sufficiently permitting an ordinary person to identify a specific individual's website activity, including what webpages they visit and what products they purchase.

**C.  Defendant Never Received Consent from Plaintiff and Class Members to Assist Listrak with Intercepting Their Communications**

20. Defendant never received consent from users to intercept their electronic communications.

21. Plaintiff and Class Members did not consent to Defendant's privacy policies prior

5

to third parties, including Listrak, intercepting their electronic communications. Even if applicable, that privacy policy fails to disclose that Defendant assists third parties like Listrak with intercepting communications that contain sensitive information.

22. Likewise, Listrak never receives consent from users to intercept and collect electronic communications containing their sensitive and unlawfully disclosed information.

## CLASS ALLEGATIONS

23. **Class Definition:** Plaintiff seeks to represent a class of similarly situated individuals defined as all persons in Pennsylvania who purchased a firearm from www.primaryarms.com (the "Class").

24. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

25. **Numerosity (Fed. R. Civ. P. 23(a)(1)):** At this time, Plaintiff does not know the exact number of members of the aforementioned Class. However, given the popularity of Defendant's website, the number of persons within the Class are believed to be so numerous that joinder of all members is impractical.

26. **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3)):** There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

> (a) whether Defendant collected users' PII, website activities and firearms purchases;
>
> (b) whether Defendant unlawfully disclosed and continue to disclose its users' PII, website activities and firearms purchases in violation of Pennsylvania Wiretapping Act, 8 Pa. Cons. Stat. § 5701, *et seq.*;

6

      (c) whether Defendant unlawfully disclosed and continue to disclose its users' PII, website activities and firearms purchases in violation of Uniform Firearms Act, 18 Pa.C.S. § 6111(i); and

      (d) whether Defendant disclosed its users PII, website activities and firearms purchases without consent.

27. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, used Defendant's website, and had his PII, website activities and firearms purchases disclosed by Defendant.

28. **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation, including litigation concerning data privacy. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Class, additional claims as may be appropriate, or to amend the definition of the Class to address any steps that Defendant took.

29. **Superiority (Fed. R. Civ. P. 23(b)(3)):** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized

litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.

### **CLAIMS FOR RELIEF**

### **COUNT I**
**Violation of the Pennsylvania Wiretapping Act**
**18 Pa. Cons. Stat. § 5701,** *et seq.*

30. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

31. Plaintiff brings this Count individually and on behalf of the members of the Class.

32. The Pennsylvania Wiretapping Act prohibits (1) the interception or procurement of another to intercept any wire, electronic, or oral communication; (2) the intentional disclosure of the contents of any wire, electronic, or oral communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication; and (3) the intentional use of the contents of any wire, electronic, or oral communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication.  18 Pa. Cons. Stat. § 5703.

33. Any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use, a wire, electronic, or oral communication in violation of the Act is subject to a civil action for (1) actual damages, not less than liquidated damages computed at a rate

of $100 per day for each violation or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred.  18 Pa. Cons. Stat. § 5725(a).

34. "Intercept" is defined as the "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. Cons. Stat. § 5702.  "Electronic, mechanical or other device," in turn, means "[a]ny device or apparatus … that can be used to intercept a wire, electronic or oral communication[.]"  *Id.*

35. The following constitutes a device within the meaning of 18 Pa. Cons. Stat. § 5702:

   a. The computer codes and programs that Defendant used to track Plaintiff and Class Members' communications while navigating the website;

   b. Plaintiff's and Class Members' web browsers;

   c. Plaintiff's and Class Members' computing devices;

   d. Defendant's web servers;

   e. The web servers from which Listrak received the Plaintiff's and Class Members' communications while they were using a web browser to access Defendant's website;

   f. The plan Defendant carried out to effectuate their tracking of Plaintiff's and Class Members' communications while using a web browser to access the website.

36. At all relevant times, Defendant procured third parties, including Listrak, to track and intercept Plaintiff's and other Class Members' internet communications while navigating its website.  Defendant sent these communications to Listrak without authorization or consent from Plaintiff or Class Members.

37. Defendant, when procuring Listrak to intercept Plaintiff' communications, intended Listrak to learn the meaning of the content the visitor requested.

38. Plaintiff and Class Members had a justified expectation under the circumstances that their electronic communications would not be intercepted.

39. Plaintiff and Class Members were not aware that their electronic communications were being intercepted by Listrak.

## COUNT II
### Violation of the Uniform Firearms Act
### 18 Pa.C.S. § 6111(i)

40. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

41. Plaintiff brings this Count individually and on behalf of the members of the Class.

42. Section 6111(i) of the Uniform Firearms Act ("UFA") provides the following:

> **(i) Confidentiality.**--All information provided by the potential purchaser, transferee or applicant, including, but not limited to, the potential purchaser, transferee or applicant's name or identity, furnished by a potential purchaser or transferee under this section or any applicant for a license to carry a firearm as provided by section 6109 shall be confidential and not subject to public disclosure. In addition to any other sanction or penalty imposed by this chapter, any person, licensed dealer, State or local governmental agency or department that violates this subsection shall be liable in civil damages in the amount of $1,000 per occurrence or three times the actual damages incurred as a result of the violation, whichever is greater, as well as reasonable attorney fees.

43. Plaintiff is a "purchaser" under the UFA because he purchased a firearm from Defendant. On or about May, 2023, Plaintiff purchased a Seekins Precision SP10 6.5 Creedmoor Semi-Automatic AR-10 Rifle from www.primaryarms.com.

44. Defendant disclosed to Listrak information that Plaintiff provided to it in connection with his purchase of this firearm. Specifically, Defendant disclosed Plaintiff's email address, the type of gun that he purchased, among other items.

45. Based on Listrak's vast network of consumer data, Listrak is reasonably able to use

10

such information to identify Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. Determining that this action is a proper class action;

b. For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

c. For an order declaring that Defendant's conduct violates the statute referenced herein;

d. For an order finding in favor of Plaintiff and the Class on the counts asserted herein;

e. Awarding compensatory damages, including statutory damages where available, to Plaintiff and the Class Members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

f. For punitive damages, as warranted, in an amount to be determined at trial;

g. Ordering Defendant to disgorge revenues and profits wrongfully obtained;

h. For prejudgment interest on all amounts awarded;

i. For injunctive relief as pleaded or as the Court may deem proper;

j. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

k. Granting Plaintiff and the Class Members such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: February 20, 2024	Respectfully submitted,

By:	*Steven A. Schwartz*
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
Steven A. Schwartz (PA I.D. No. 50579)
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
E-Mail: sas@chimicles.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn*
Philip L. Fraietta*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: jarisohn@bursor.com
         pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stephen A. Beck*
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: sbeck@bursor.com

**Pro Hac Vice Application Forthcoming
Attorneys for Plaintiff and the Putative Class*